2000 ME 5

Gary F. McADAM

v.

**UNITED PARCEL SERVICE and Helmsman Management Services, Inc.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1999.

Decided Jan. 12, 2000.

James J. MacAdam (orally), McTeague, Higbee, MacAdam, Case, Cohen & Whitney, P.A., Topsham, for employee.

John P. Flynn III (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] United Parcel Service (UPS) appeals from a decision of the Workers' Compensation Board ordering the implementation of a vocational rehabilitation plan for Gary F. McAdam and requiring UPS to pay for its development. Because 39–A M.R.S.A. § 217(2) (Pamph.1999) provides that decisions ordering the implementation of rehabilitation plans are final, we dismiss that portion of the appeal. Because we conclude that the Board's decision to assess the costs of developing the rehabilitation plan against the employer was not authorized by the Legislature, we vacate that portion of the Board's decision.

[¶ 2] In 1990 McAdam suffered a work-related injury while employed by UPS. He obtained post-injury employment as a school bus driver. Notwithstanding his post-injury employment, McAdam applied for rehabilitation services in 1997. In 1998 the Board's Rehabilitation Assistant Administrator granted the employee's application [1] and referred the matter to a vocational rehabilitation counselor pursuant to 39–A M.R.S.A. § 217(1). The counselor evaluated the employee's suitability for vocational rehabilitation and developed a rehabilitation plan pursuant to subsection 217(1).

[¶ 3] After an informal hearing, the Board's Rehabilitation Assistant Administrator issued a decision ordering the implementation of the plan for an initial 52 weeks pursuant to subsection 217(2). The plan calls for McAdam, following some prerequisite courses, to attend a two-year program at Kennebec Valley Technical College to become a Physical Therapy Assistant. In addition, the Board ordered UPS to pay the rehabilitation counselor's fee for developing the plan. We granted UPS's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Pamph.1999).

[¶ 4] Section 217 provides:

---

1. The Board has delegated authority to decide disputes concerning an employee's entitlement to rehabilitation services to the Assistant Rehabilitation Administrator. Me. W.C.B. Rule ch. 6, § 1.

---

## § 217. Employment rehabilitation

When as a result of injury the employee is unable to perform work for which the employee has previous training or experience, the employee is entitled to such employment rehabilitation services, including retraining and job placement, *as reasonably necessary to restore the employee to suitable employment.*

**1. Services.** If employment rehabilitation services are not voluntarily offered and accepted, the board on its own motion or upon application of the employee, carrier or employer, after affording the parties an opportunity to be heard, may refer the employee to a board-approved facility for evaluation of the need for and kind of service, treatment or training necessary and appropriate to return the employee to suitable employment.

**2. Plan ordered.** Upon receipt of an evaluation report pursuant to subsection 1, if the board finds that the proposed plan complies with this Act and the implementation of the proposed plan is likely to return the injured employee to suitable employment at a reasonable cost, it may order the implementation of the plan. Implementation costs of a plan ordered under this subsection must be paid from the Employment Rehabilitation Fund as provided in section 355, subsection 7. *The board's determination under this subsection is final.*

**3. Order of implementation costs recovery.** If an injured employee returns to suitable employment after completing a rehabilitation plan ordered under subsection 2, the board shall order the employer who refused to agree to implement the plan to pay reimbursement to the Employment Rehabilitation Fund as provided in section 355, subsection 7.

**4. Additional payments.** The board may order that any employee participat-

ing in employment rehabilitation receive additional payments for transportation or any extra and necessary expenses during the period and arising out of the employee's program of employment rehabilitation.

5. **Limitation.** Employment rehabilitation training, treatment or service may not extend for a period of more than 52 weeks except in cases when, by special order, the board extends the period up to an additional 52 weeks.

6. **Loss of or reduction in benefits.** If an employee unjustifiably refuses to accept rehabilitation pursuant to an order of the board, the board shall order a loss or reduction of compensation in an amount determined by the board for each week of the period of refusal, except for specific compensation payable under section 212, subsection 3.

7. **Hearing.** If a dispute arises between the parties concerning application of any of the provisions of subsection 1 to 6, any of the parties may apply for a hearing before the board.

39–A M.R.S.A. § 217 (emphasis added).

[¶ 5] UPS contends that, in light of the employee's post-injury employment and other factors relating to his employability, it was error for the Board to conclude that the plan is "reasonably necessary to restore the employee to suitable employment" pursuant to 39–A M.R.S.A. § 217. UPS contends further that the Board lacked statutory authority to order the implementation of a plan that will necessarily exceed 52 weeks pursuant to subsection 217(4). McAdam contends, however, that the final sentence of subsection 2 providing that "[t]he board's determination under this subsection is final" precludes an appeal at this stage with respect to matters decided pursuant to subsection 2. UPS contends that the word "final" is intended to clarify that a decision pursuant to subsection 2 is a "final judgment" and therefore ripe for appellate review.

[¶ 6] We agree with the employee that the intent of the word "final" is to prevent an immediate appeal from a Board's decision to implement a vocational rehabilitation plan. Our conclusion is supported by the legislative scheme. Unlike most workers' compensation benefits that are initially the responsibility of the employer, e.g., incapacity and medical benefits, the initial cost of implementing a vocational rehabilitation plan, in the absence of a voluntary agreement, is borne by the Employment Rehabilitation Fund. Subsection 355(3) provides:

7. **Plan implementation costs; payment; reimbursement.** The actual and direct costs of implementing plans ordered by the board under section 217, subsection 2 must be paid from the fund. Payments must be made directly to the rehabilitation providers or other persons who provide services under the plan. Upon an order of recovery of plan implementation costs under section 217, subsection 3, the board shall assess the employer who refused to agree to implement the plan under section 217 an amount equal to 180% of the costs paid from the fund under this subsection. An employer may appeal the imposition or amount of this assessment to the board. The employee may not be a party to this appeal.

39–A M.R.S.A. § 355(7) (Pamph.1999). The apparent purpose of this unique payment procedure is to encourage prompt delivery of vocational rehabilitation services and to permit an appeal only if the employer is ordered to pay 180% of the costs following completion of the rehabilitation plan.

[¶ 7] Our interpretation is also supported by the predecessor statute, former 39 M.R.S.A. § 85(2–A) (Supp.1991), *repealed by* P.L.1991, ch. 885, § A–7. Like section 217(2), former subsection 85(2–A) addresses the procedures for assessing costs of a "rehabilitation plan." Paragraph 85(2–A)(D) provided:

The administrator's determination under this subsection is final. Neither party may appeal the determination of the administrator under this subsection. Notwithstanding Title 5, section 8003, the Maine Administrative Procedure Act, Title 5, chapter 375, does not apply to determinations made by the administrator under this subsection.

39 M.R.S.A. § 85(2–A)(D) *repealed by* P.L. 1991, ch. 885, § A–7. In light of this statutory history, we conclude that the Legislature intended the word "final" in subsection 217(7) to preclude an appeal at this stage.[2]

[¶ 8] UPS also challenges the Board's decision to require it to pay the costs of developing the rehabilitation plan. If the Board's decision to assess costs against the employer is a decision pursuant to subsection 217(2), however, the decision is "final" and may not be appealed at this stage in the proceeding.

[¶ 9] By its plain language, the Board's authority pursuant to subsection 2 is limited to a determination whether to order the implementation of a rehabilitation plan. Indeed, the statute is silent with respect to the payment of costs for the "evaluation of the need for any kind of service, treatment or training necessary and appropriate to return the employee to suitable employment" pursuant to subsection 217(1). If the Board has any statutory authority to order payment of the costs of developing a plan, it must be derived from subsection 355(7) as part of the "actual and direct costs" of the implementation of the plan. Because there is nothing in the Act to suggest that the employer is responsible for paying for any portion of either the development or the future implementation of the plan at this stage in the proceeding, we vacate that portion of the Board's decision ordering payment of development costs.

The entry is:

The appeal from the decision of the Workers' Compensation Board ordering the implementation of a rehabilitation plan is dismissed.

The decision of the Workers' Compensation Board ordering the employer to pay for the development of the rehabilitation plan is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

---

2. In the employee's response to the employer's petition for appellate review, McAdam contended that UPS failed to exhaust its administrative right to appeal pursuant to subsection 217(7). Because the Board has delegated authority to the Rehabilitation Assistant Administrator to decide rehabilitation matters, and because there are no procedures for appealing to the board pursuant to subsection 217(7), we do not reach the subsection 217(7) issue.